**Frank D. BICKEL and The Garland Professional Fire Fighters Association**

v.

**Bob G. BURKHART, The Garland Firemen's and Policemen's Civil Service Commission and the City of Garland, Texas.**

No. CA 3–77–0763–C.

United States District Court,
N. D. Texas,
Dallas Division.

Nov. 22, 1978.

Frederick M. Baron, Dallas, Tex., for plaintiffs.

Pete Eckert, City Atty., Merril Nunn, Asst. City Atty., Garland, Tex., for defendants.

FINDINGS OF FACT AND
CONCLUSIONS OF LAW

WILLIAM M. TAYLOR, Jr., District Judge.

The above case came on to be tried before the Court without a Jury on the 29th day of June, 1977, and the 7th day of September, 1977, with all parties and their attorneys present. After considering the pleadings, the evidence, the argument and briefs from counsel, the Court files herewith its findings of fact and conclusions of law.

FINDINGS OF FACT

1. Plaintiff, Frank D. Bickel, is a resident of Garland, Dallas County, Texas, and is employed by the City of Garland, Texas, as a fireman.

2. Plaintiff, The Garland Professional Fire Fighters Association, is an unincorporated association composed of employees of the City of Garland Fire Department.

3. On May 23, 1977, Plaintiff Bickel received notice from Defendant Bob G. Burkhart, the Chief of the Garland Fire Department, that Plaintiff Bickel had been "passed over" for promotion for violation of the following Garland Fire Department Rules and Regulations:

GARLAND FIRE DEPARTMENT
RULES AND REGULATIONS
AND PROCEDURES

Article 5.2: All Firemen Shall:

(40) Refrain from being a party to any malicious gossip, report or activity that would tend to disrupt department morale or bring discredit to the department or any member thereof, or making derogatory statements or adversely criticizing department policy, activities of officers, except by written report to the Chief of the Department, through channels.

Article 5.4: Offenses:

A. (4) Conduct unbecoming a member of the department.

(5) Conduct prejudicial to good order.

4. The conduct complained of by Chief Bob G. Burkhart in denying Plaintiff Bickel's promotion was that Bickel had made certain statements during a meeting on January 19, 1977, at Fire Station # 5 in the presence of Mr. Don Paschal, Community Service Administrator for the City of Garland, and Defendant Burkhart and said statements expressed complaints about conditions within the Garland Fire Department.

5. No other grounds have been shown as a basis for the refusal to promote Plaintiff Bickel. Defendant Burkhart testified that the rules and regulations in question apply to prohibit any criticism which Defendant Burkhart deems in his discretion to be untrue. Further, Defendant Burkhart testified that his determination of whether criticism is true or false could be made without any investigation.

6. Plaintiff Frank D. Bickel has exhausted all administrative remedies available to appeal the action taken by Defendants.

7. Individual members of The Garland Professional Fire Fighters Association including Plaintiff Bickel are not given any guidance by their employer as to what conduct constitutes conduct unbecoming a member of the department, conduct prejudicial to good order or malicious gossip. Further, there is no place for firemen to go for an explanation of the meaning of these rules and regulations and that the action taken against Plaintiff Bickel has caused them to be more inhibited about what they say around the fire department. Firemen are not sure what they can say without being disciplined or passed over for promotion.

8. Plaintiff Frank D. Bickel has not been promoted.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of this cause pursuant to 28 U.S.C.A., Sections 1331 and 1343, and further, pursuant to 42 U.S.C.A., Section 1983, in that the complaint seeks to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a State, or rights, privileges, and immunities secured by the Constitution and Laws of the United States and that further the matter in controversy, exclusive of interest and costs, exceeds the sum of $10,-000.00.

2. Venue in this case is proper in this Court pursuant to 28 U.S.C.A., Section 1391.

3. The Court finds that Article 5.2, ¶ 40 and Article 5.4, ¶ A(4) and (5) of the City of Garland Firemen's and Policemen's Civil Service Commission Rules and Regulations effective on May 23, 1977, are vague, overbroad, and otherwise facially unconstitutional in that they prohibit conduct protected by the First Amendment to the United States Constitution.

4. Although subsequent changes and deletions to the rules under which Bickel was disciplined were made, Bickel's denial of promotion under the rules in force on May 23, 1977, continued until February 5, 1978.

5. The Court further finds that the said rules and regulations, as stated above, have been applied by Defendant Bob G. Burkhart in a manner so as to deprive the Plaintiff of his rights protected by the First Amendment to the United States Constitution.

It is therefore ORDERED that the Defendants make Plaintiff Bickel whole, monetarily and in all other ways as a result of Defendant's refusal to promote him from May 23, 1977, until February 5, 1978.

It is further ORDERED that the Defendants pay all costs of Court incurred herein and further that they pay the sum of Two Thousand Five Hundred Dollars ($2,500.00) to counsel for Plaintiffs as reasonable and necessary attorney's fees; in the event this case is appealed to the United States Court of Appeals, an additional One Thousand Five Hundred Dollars ($1,500.00) shall be paid as attorney's fees, and in the event said case shall be further appealed to the Supreme Court, an additional One Thousand Five Hundred Dollars ($1,500.00) shall be paid as reasonable and necessary attorney's fees for the prosecution of this action.

, The above attorney's fees are awarded upon the conditions that Defendants do not prevail on appeal, if an appeal be taken.